UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA CORTES,**

       **Plaintiff,**

v.                                                  Case No:   6:16-cv-188-Orl-41GJK

**CFI RESORTS MANAGEMENT, INC.,**

       **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED AMENDED JOINT MOTION TO APPROVE AMENDED FLSA SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 77)** |
| **FILED:** | **July 11, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND.**

On February 3, 2016, Plaintiff Maria Cortes instituted this action against Defendant CFI Resorts Management, Inc. Doc. No. 1. On July 8, 2016, Plaintiff filed a third amended complaint against Defendant alleging violations of the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, the Florida Civil Rights Act, and the overtime provision of the Fair Labor Standards Act (the "FLSA"). Doc. No. 51. On July 20, 2016, Defendant filed an answer denying Plaintiffs' claims and asserting numerous affirmative defenses. Doc. No. 52. The parties have settled their dispute, and this is their fourth attempt to have their settlement agreement approved by the Court. Doc. No. 77.

On March 30, 2017, the parties filed their first joint motion to approve the settlement agreement. Doc. No. 69. On April 4, 2017, the Court denied the first motion because it was unable to determine whether the settlement amount is reasonable. Doc. No. 70 at 2. On April 12, 2017, the parties filed an amended joint motion to approve the settlement agreement. Doc. No. 71. In the amended joint motion, the parties provided details regarding Plaintiff's claim so that the Court could determine the reasonableness of the settlement. *Id.* at 3. They did not, however, attach the complete settlement agreement.[1] *Id.* On May 26, 2017, the Court denied the amended joint motion for this reason. Doc. No. 72. In the Order denying the amended joint motion, the Court noted that the settlement agreement contained a jury trial waiver, but the amended joint motion did not address whether Plaintiff received additional compensation for this waiver. *Id.* at 2 n.1.

On May 26, 2017, the parties filed a third motion for approval of the settlement agreement. Doc. No. 73. Although the Motion contained the complete settlement agreement, it also retained the jury trial waiver the undersigned mentioned in the Order denying the second motion for approval of the settlement agreement. Doc. No. 73-1. Thus, the third motion was denied. Doc. No. 74. Now before the Court is the parties' fourth motion for approval of the settlement agreement (the "Motion"). Doc. No. 77. In addition to requesting approval of the settlement agreement, the parties also ask that the Court dismiss this action with prejudice. *Id.* at 6. The Motion contains a complete, signed settlement agreement that does not include a jury trial waiver (the "FLSA Settlement Agreement"). Doc. No. 77-1. The parties agreed to withdraw the jury trial waiver provision from their agreement. Doc. No. 77 at 6.

This matter has been referred to the undersigned for a report and recommendation. For the reasons that follow, it is recommended that the Motion be granted in part and denied in part.

---

[1] The first joint motion to approve the settlement agreement also did not contain the complete agreement.

**II.     LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.*

### III. ANALYSIS.

#### A. Settlement Amount.

Plaintiff initially claimed she was owed $3,735.00 in damages for unpaid overtime wages, excluding liquidated damages. Doc. No. 24 at 2. Defendant disputed this and produced payroll

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

records showing that Plaintiff received overtime pay and that she was routinely absent from work, such that she could not have worked the overtime she claimed. Doc. No. 77 at ¶ 4. Under the FLSA Settlement Agreement, Plaintiff will receive $1,000.00 for her claims for unpaid overtime wages and liquidated damages, and as consideration for a release of her FLSA claim. *Id.* at ¶ 7. Since Plaintiff is receiving less than the amount she claimed, Plaintiff compromised her claim under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 77 at ¶ 4. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute in order to avoid the risk of litigation. *Id.* at 4-5. Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B.   Attorney's Fees and Costs.

"No attorney's fees and costs were allocated from the settlement amount paid to Plaintiff with respect to her FLSA claim." *Id.* at 5. The FLSA Settlement Agreement does not provide for any payment of attorney's fees or costs to Plaintiff or her counsel. Doc. No. 77-1 at ¶ 4(c). Thus, there is no attorney's fee provision for the undersigned to review.

### C.   Request for Dismissal with Prejudice.

The parties ask the Court to dismiss this action with prejudice. Doc. No. 77 at 6. The FLSA Settlement Agreement primarily concerns Plaintiff's FLSA claim. Doc. No. 77-1 at ¶ 2 ("the Parties . . . wish to enter into this Agreement in order to fully and finally settle the FLSA Claim . .

. ."), ¶ 3 ("CFI has agreed to pay Plaintiff the total sum of . . . $1,000.00 ('FLSA Settlement Amount') as a full and final settlement of Plaintiff's FLSA claims, *inclusive of liquidated damages*." (emphasis supplied)), ¶ 4(a) ("This Agreement releases claims under the FLSA that will require court approval to ensure that the Agreement is a fair and reasonable resolution of a *bona fide* dispute over Plaintiff's FLSA claims."), ¶ 4(b) ("The parties represent that the payment that will be issued to Plaintiff under Section 3 is a fair and reasonable compromise of the FLSA claims . . . ."), ¶ 5 ("Plaintiff acknowledges that the $1,000.00 constitutes full payment of all her FLSA claims."). In addition to the FLSA claim, the Third Amended Complaint contains claims for violations of the Family and Medical Leave Act, the Americans with Disabilities Act of 1990, and the Florida Civil Rights Act. Doc. No. 51. The FLSA Settlement Agreement does refer to the consequences if the Court does not dismiss the litigation with prejudice, and in the Motion, which was brought jointly by the parties, they request that the Court dismiss this action with prejudice. Doc. No. 77 at 6; Doc. No. 77-1 at ¶ 8. Thus, it is recommended that the Court dismiss the entire litigation with prejudice.

IV. **CONCLUSION**.

Accordingly, it is **RECOMMENDED** as follows:

1. That the Motion (Doc. No. 77) be **GRANTED**; and
2. The Court **DISMISS the case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

- 7 -

**In order to expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on July 13, 2017.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties